UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALFREDO REYES,                                    )
                                                  )
                                                  )
                          Plaintiffs,             )        **COMPLAINT**
                                                  )
        -against-                                 )        **JURY TRIAL DEMANDED**
                                                  )
THE CITY OF NEW YORK; NYPD POLICE                 )
OFFICER CHRISTOP GOODMAN, Shield No.              )
17498; JOHN DOES; and RICHARD ROES,               )
                                                  )
                          Defendants.             )
---------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiff, ALFREDO REYES, seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983; by the United States Constitution, including its Fourth and Fourteenth Amendments.  The

plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable

and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

**JURY TRIAL DEMANDED**

3.     Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

**VENUE**

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

**PARTIES**

5.     Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is Latino.

6.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.     Defendant NYPD POLICE OFFICER CHRISTOP GOODMAN, Shield No. 17498, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants NYPD POLICE OFFICER CHRISTOP GOODMAN, Shield No.  17498, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and

scope of their duties and functions as officers, agents, servants, and employees of defendant THE

CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants NYPD POLICE OFFICER CHRISTOP

GOODMAN, Shield No.  17498, and JOHN DOES are sued individually.

8.     Defendants RICHARD ROES are and were at all times relevant herein duly

appointed and acting supervisory officers, servants, employees and agents of THE CITY OF

NEW YORK and/or the New York City Police Department, responsible for the training,

retention, supervision, discipline and control of subordinate members of the police department

under their command.  Defendants RICHARD ROES are and were at all times relevant herein

acting under color of state law in the course and scope of their duties and functions as supervisory

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department, and were otherwise performing and engaging

in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

9.     During the early morning hours of July 6, 2018 Plaintiff was in his home, which was

located at 2218 Bruckner Blvd. in the Bronx, NY.

10.     Plaintiff's home at 2218 Bruckner Blvd. is a private, three-story home that has a

backyard.

11.     Plaintiff is the owner of 2218 Bruckner Blvd.

12.     One of Plaintiff's sons, who was angry with Plaintiff, punched Plaintiff in the face inside of the kitchen of the home.

13.     After Plaintiff's son punched Plaintiff, Plaintiff's fiancée and Plaintiff's fiancée's son intervened, to prevent any further exchange of blows.

14.     Plaintiff did not strike his son in any way.

15.     Plaintiff did not threaten his son, either verbally, or with a stick, or in any way.

16.     Other members of the family, in addition to Plaintiff's fiancée and fiancée's son, were also present and also witnessed these interactions between Plaintiff's son and Plaintiff, and also saw that Plaintiff's son was the aggressor and that Plaintiff did not threaten his son, either verbally, or with a stick, or in any way.

17.     Another of Plaintiff's sons called the police.

18.     Approximately ten minutes later, approximately ten or so JOHN DOES uniformed members of the NYPD – including Defendant GOODMAN – arrived at the home.

19.     When the JOHN DOES Officers arrived at the home Plaintiff was in the backyard.

20.     When the JOHN DOES Officers arrived at the home they - without consent, or exigent circumstances, or any other exception to the warrant requirement - they unlawfully opened a gate and entered the backyard of the house.

21.     Some of the JOHN DOES Officers – also without consent, or exigent circumstances, or any other exception to the warrant requirement – also entered the interior of the home from the backyard.

22.     Apparently not contemplating that Plaintiff owned the home, and showing their contempt for and indifference to Plaintiff's rights and dignity, some of the JOHN DOES Officers were making jokes that Plaintiff should pretend to fall down and sue the owner of the property.

23.     Plaintiff tried to explain to the JOHN DOES what had transpired with his son, but the

JOHN DOES were uninterested in listening to him, and did not pay any attention to anything he was saying.

24.     Inside the house Plaintiff's fiancée tried to speak to the JOHN DOES and tell them what had occurred between Plaintiff's son and Plaintiff, but the JOHN DOES refused to listen to Plaintiff's fiancée, and told her that she was "no one" there.

25.     Plaintiff's fiancée's son also tried to speak to the JOHN DOES and tell them what had occurred between Plaintiff's son and Plaintiff, but the JOHN DOES likewise refused to listen to Plaintiff's fiancée's son.

26.     While they were in the house, the police spoke to Plaintiff's son (the son who had hit Plaintiff), but they did not make any inquiries of Plaintiff, Plaintiff's fiancée, Plaintiff's fiancée's son, or, on information and belief, of the other people in the house who had witnesses the altercation between Plaintiff's son and Plaintiff.

27.     Within a few minutes of their arrival on the scene JOHN DOES Defendants – on information and belief including Defendant GOODMAN – handcuffed Plaintiff.

28.     Plaintiff was arrested at approximately 4 a.m.

29.     When Plaintiff was handcuffed his fiancée again tried to tell the JOHN DOES that Plaintiff had not been the aggressor, and to tell them what had transpired, and they again ignored her.

30.     When Plaintiff was arrested he was wearing his boxer shorts and a tank top.

31.     Plaintiff was taken to a waiting NYPD vehicle.

32.     Defendant GOODMAN and the other JOHN DOES Defendants did not give Plaintiff the opportunity to put on pants, despite Plaintiff having asked them to be able to put on pants.

33.     Plaintiff was taken to a local NYPD precinct (on information and belief the NYPD 43rd Precinct).

34.     Plaintiff was held at the precinct for a few hours, and then transferred to the Bronx Central Booking facility and held there.

35.    At approximately 4 p.m. Plaintiff was arraigned and released on his own recognizance.

36.    Plaintiff was falsely charged with one count of violation of Penal Law § 120.14(1) (Menacing in the Second Degree), one count of violation of Penal Law § 120.15 (Menacing in the Third Degree), and one count of violation of Penal Law § 240.26(1) (Harassment in the Second Degree).

37.    Defendant GOODMAN was the deponent on the Criminal Court Complaint that was lodged against Plaintiff, and falsely attested, under penalty of perjury, *inter alia*, that he was informed by Plaintiff's son that Plaintiff had pointed a wooden stick at Plaintiff's son and stated, in sum and substance, "I'm not done with you.  Watch, you're going to see.  I'm not done with you.  This is not over."

38.    These allegations are false.  Plaintiff never did anything like what is alleged in the Criminal Court Complaint.

39.    On information and belief neither Defendant GOODMAN nor the other JOHN DOES Defendants did not inform the District Attorney's office that there were people in the house who had been trying to inform him and the other JOHN DOES concerning what had transpired, and that Plaintiff was not the aggressor and had not struck or threatened Plaintiff's son in any way.

40.    After approximately four or five court appearances all charges against Plaintiff were dismissed in their entirety by way of adjournment in contemplation of dismissal (ACD).

41.    On information and belief, the ACD was accepted on February 1, 2019 (and the charges fully dismissed six months later, on or around (August 1, 2019)

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

43.     By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, unlawfully entering, searching and seizing plaintiff's home, person, and his property, abusing process against plaintiff, fabricating evidence against plaintiff, violating plaintiff's right to equal protection of law, conspiring against plaintiff, failing to intercede on behalf of the plaintiff, NYPD POLICE OFFICER CHRISTOP GOODMAN and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

44.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

45.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

46.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42

U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

47.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

48.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

49.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train with regard to conducting, and in failing to conduct, reasonable inquiries in circumstances where there are disputes between members of the public, and in failing to properly train with regard to making arrests, and in making arrests, in such circumstances.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

52.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive home entries, stops, frisks, searches, and arrests, which are implemented disproportionately upon black and Latino men.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.  *See*, e.g., Fernandez v. City of N.Y., 457 F. Supp. 3d 364, 379-383 (S.D.N.Y. 2020) (granting plaintiff's – also a Latino man in the Bronx – motion for partial summary judgment for NYPD officers' warrantless entry into a home).

54.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and

injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

        c.  The convening and empaneling of a jury to consider the merits of the claims herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
              September 13, 2021

                          /S/   Jeffrey A. Rothman
                       JEFFREY A. ROTHMAN, Esq.
                       Law Office of Jeffrey A. Rothman
                       305 Broadway, Suite 100
                       New York, New York 10007
                       (212) 227-2980

                       Attorney for Plaintiff